IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **KIMBERLY DENISE HILL** | § | |
| | § | |
| **V.** | § | **A-08-CA-103 LY** |
| | § | |
| **FERNANDO ORTEGON, ET AL.** | § | |

## REPORT AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

TO:    THE HONORABLE LEE YEAKEL
       UNITED STATES DISTRICT JUDGE

Before the Court is Plaintiff's Application for In Forma Pauperis, filed on February 6, 2008 (Clerk's Doc. No. 1). The District Court referred the above-motion to the undersigned Magistrate Judge for a determination pursuant to 28 U.S.C. §636(b) and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Because Plaintiff alleges that she only has $700 in her savings account, the Court finds that she should be granted *in forma pauperis* status. Accordingly, Plaintiff's Application for *In Forma Pauperis* (Clerk's Doc. No. 1) is GRANTED. Because Plaintiff has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review the Complaint under §1915(e)(2). After reviewing Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2)(B), the Court finds it should be dismissed as malicious.

### I. ANALYSIS

Section 1915(e)(2)(B) requires a district court to dismiss an *in forma pauperis* suit if the court determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke*

*v. Williams*, 490 U.S. 319, 325 (1989), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration, or trivial.*" Deutsch v. United States*, 67 F.3d 1080, 1083 (3d Cir. 1995). A complaint is malicious when it "duplicates allegations of another pending federal lawsuit by the same plaintiff." *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993).

Plaintiff's Complaint alleges that her former employer discriminated against her because of her sex and retaliated against her in violation of Title VII of the Civil Rights Act of 1964. On January 29, 2008, Plaintiff paid the requisite filing fee and filed an identical lawsuit against the same defendants in A-08-CV-079LY. Accordingly, Plaintiff's Complaint represents a malicious filing which must be dismissed under § 1915. *See Id.* at 995. *See also, McGill v. Juanita Kraft Postal Serv.*, No. 3:03-CV-1113-K, 2003 WL 21355439, at * 2 (N.D. Tex. June 6, 2003) (complaint is malicious when it " 'duplicates allegations of another pending federal lawsuit by the same plaintiff' or when it raises claims arising out of a common nucleus of operative facts that could have been brought in the prior litigation") (quoting *Pittman v. Moore*, 980 F.2d at 994-95). Accordingly, the undersigned recommends that the Complaint be dismissed with prejudice as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B).

## II. RECOMMENDATION

The Magistrate Judge **RECOMMENDS** that Plaintiff's Complaint be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §1915(e)(2)(B). The Court **FURTHER RECOMMENDS** that the District Court **BAR** Plaintiff from filing any future civil actions in any court in the Western District of Texas without first seeking leave of Court.

## III. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The

District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 8th day of February, 2008.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE